## BREDIN *against* NEAL.

### IN ERROR.

Where a testator was surety for one to whom he bequeathed a legacy, and charged it upon land, and judgment was recovered for the debt, and upon a sale of the land that judgment was paid out of the land amounting to more than the legacy, it was held that the assignee of the legacy was entitled to be paid no part of it, the debt, independent of the statute of defalcation, being in equity, a lien upon the interest of the legatee in the land created by the legacy.

ERROR to the Court of Common Pleas of *Cumberland* county.

It was an action by *James Neal* the defendant in error against *James Bredin* the plaintiff in error, founded on the following agreement or stipulation:

Copy of the agreement or stipulation on which the suit is founded:

"PHILIP WEAVER & ⎫
MARGARET MOOR     ⎪      Legacy under the will of *David Smith,*
        *vs.*                ⎬ deceased payable out of the land sold
The EXECUTORS of  ⎪ by Sheriff *Neal* to *James Bredin.*
DAVID SMITH.            ⎭

(21st February, 1825.)

"Received of *James Neal*, sheriff, the sum of $453 08 on account of the above legacy, being the dividend coming to the plaintiff out of the sale of the real estate, the same to be refunded in case it is improperly received by me.                    JAMES BEDIN.

$453 08

In this action the following facts were agreed by the parties as a special verdict.

The plaintiff as sheriff of *Cumberland* county, by virtue of sundry writs duly and regularly issued out of that court, sold to the de-

(Brodin *v.* Neal.)

fendant, a tract of land in *North Middleton* township, for the sum of $6600.   The said tract of land was taken in execution and sold as the estate of *David Smith*, deceased, and was sold to defendant 20th July, 1824.   The said *David Smith*, as whose estate the said tract of land was levied and sold, by his last will and testament duly executed and proved, August 1818, devised the said tract of land to his son *Michael Smith*, and charged it with the payment of sundry legacies to his (testator's) other children.

At the time of the sale by the plaintiff to the defendant as aforesaid, there were sundry judgments remaining due against the estate of *David Smith* deceased, amounting to $2590 97. The sheriff and Commissioners' costs for making said sale, amounted to $28 34, which being deducted from the amount of the sale, left $4040 60 to be appropriated and distributed *pro rata*, to and amongst the legatees of the said *David Smith* deceased, which legacies remained unsatisfied, and amounted to $8896 41, and were payable in the proportions stated in the order and decree of the court hereafter mentioned.

Included in the judgments obtained against the estate of the said *David Smith*, deceased, was one in favor of *James Giffin*, for $8678 19, which was obtained for a debt against *Philip Weaver*, husband of *Margaret Weaver*, one of the legatees under the last will and testament of the said *David Smith* deceased for the payment of which the said *David* was only security.

After the death of the said *David Smith*, to wit, on the 5th *February*, 1825, the said *Philip Weaver* for a valuable consideration, sold, assigned, and transferred the foregoing legacy, payable to his wife *Margaret*, under the will of the said *David Smith*, to the defendant *James Bredin*,

In consequence of a rule upon the sheriff to bring the money arising from the sale, into the Court of Common Pleas for distribution, the Court after argument, ordered and decreed the money arising from the sale to be paid and distributed in the manner and proportions, set out in their decree.

The money for which this suit is brought, is part of the purchase money for said tract of land, and was and is retained by the defendant *James Bredin* by virtue of the assignment from the said *P. Weaver*, in right of his wife, to him, and is the same money mentioned in the note in writing set out in the plaintiff's statement in this cause.

The plaintiff claims the amount mentioned in the statement filed with interest as stated therein.

On the 6th November 1821, there was an assignment by *Philip Weaver* and *wife* to *James Bredin* of the first instalment due on the legacy.

Bredin *v.* Neal.

All questions as to the admissibility as well as to the legal effect of the matter contained in the statement to be determined by the court.

. Judgment to be entered as the opinion of the court may be on the facts herein before and above mentioned, with leave to either party to take out a writ of error.

The decree of the Court of Common Pleas referred to in this special verdict was at follows:

. 9th *September;* 1824, money considered in Court so far as to enable the court to order the distribution.

It was moved on part of some of the legatees of *David Smith,* to have the judgment of *James Giffin* against *Philip Weaver* and *David Smith* satisfied out of the amount which would be due to him or to his wife, who was one of the daughters of *David Smith,* who was only surety for *Philip Weaver.* The facts agreeably to statement filed, were given in evidence.

Whereupon the court was satisfied that said *David Smith* was only surety in the bond on which the said judgment was entered.

The money for distribution being raised out of the estate of *David Smith* and *Philip Weaver,* (or his assignee who stands in the same situation as the assignor) claiming a portion of the said sum, it is right that the judgment should be paid out of that portion of the money that belongs to the principal; and not out of the general fund raised out of the estate of the surety. The annexed statement being made according to the principle stated, the Court orders and decrees "that the said sum of money be appropriated and paid by the sheriff accordingly. To this opinion the counsel for *James Bredin,* assignor or purchaser, and on behalf of Mrs. *Weaver* objects and prays the court to file the same, which is done accordingly.

The dividend on account of *Margaret Weaver's* legacy, out of the proceeds of the sale of her father's real estate after the payment of all debts amounted to the sum of four hundred and fifty-six dollars and twenty-four cents.

The judgment of *James Giffin* against *Philip Weaver* and *David Smith,* which was thus decreed to be paid was entered on the day of          18    and was out of the judgments included in the sum of $2590 97, which were a change upon the estate of the said *David Smith:*

The Court gave judgment on the verdict for the plaintiff.

Error was now assigned that the Court had given judgment for the whole amount of the plaintiff's claim. The defendant ought to have been allowed for the first instalment of the legacy assigned to him by *Philip Weaver* on the 6th of *November* A. D. 1821.

*Penrose* and *Williamson* for the Plaintiff in error referred to

(Bredin *v.* Neal.)

5 *John. ch. R.* 52.   *Simson* v. *Hart,* 14 *John. Rep.* 63.   *Commonwealth* v. *Jones,* 3 *Serg. & Rawle,* 167.   *Galbreath* v. *Black,* 4 *Serg. & Rawle,* 207.   *Gourdon* v. *Insurance Co.* 3 *Yeates,* 327.   *Rousset* v. *Insurance Co.* 1 *Bin.* 430.   *Mann* v. *Dungan,* 11 *Serg. & Rawle,* 75.   6 *Serg. and Rawle,* 466. *Baughman for use* v. *Divler,* 3 *Yeates,* 9.   *Yohe* v. *Barnet,* 1 *Binn.* 358.   15 *Serg. & Rawle,* 63.

*Carothers,* contra.

The opinion of the Court was delivered by

Kennedy, J.—The principles laid down by this court in the cases, *Frants* v. *Brown,* 17 *Serg. & Rawle,* 287, and *Frantz* v. *Brown* 1 *Penn. Rep.* 257, rule and affirm the judgment of the court below in the case before the court.   In the cases cited, which were actions of debt upon bonds at the suit of an assignee it was held to be a good defence, that the obligor, before he knew of the assignment and before the bonds became payable, had become bound as surety for the obligee in sums exceeding the amount of the bonds and had been compelled to pay them.   The legacy in the present case, which was coming to *Philip Weaver* in right of his wife, and which he assigned to the plaintiff in error, was charged upon the land of the testator, which after his death was taken in execution and sold for the payment of his debts and for a debt of *Weaver* the assignor for which the testator was bound as his surety.   This debt as well as the proper debts of the testator were also all liens upon the land, and to be paid out of the moneys arising from the sale of it before the legacy.   The debt of *Weaver* for which the testator was surety, was paid out of the same fund upon which the legacy was charged, and took up considerably more of this fund than the legacy which was coming to *Weaver,* and had been assigned by him to the plaintiff in error.   Now nothing can be more clear, than that *Weaver* cannot have his debt paid for him out of the land and his legacy too.   He could not properly claim both.   To entitle himself to be paid the legacy out of the land it was incumbent upon him to discharge it of his debt.   Thus he failed to do, and the debt has been paid out of the moneys arising from the sale, and he stands indebted to the estate nearly two hundred dollars beyond the amount of the legacy.   This plaintiff in error can be in no better situation than *Weaver* himself.   He took the assignment of the legacy subject to every equity on the part of the testator's estate, and of those interested in it.   It was not in the power of *Weaver* to assign a right or benefit to the plaintiff in error, which he had no colour of claim to himself.   If *Weaver* or the plaintiff in error had brought suit for this legacy, as early as possible, and prosecuted it to judgment, the only judgment that

25

(Bredin *v.* Neal.)

could have been given would have been to have the legacy levied out of the land. Suppose then a sale of the land had been made to satisfy the legacy, the debt of *Weaver*, for which the testator had bound himself, was a lien upon the land prior in date to the legacy, and must have been paid first, and in justice, if *Weaver* had any interest or claim in the land, as the debt was his, and not that of the testator, that interest ought first to be applied to the payment of the debt; and the debt being considerably more than the amount of the legacy, which was his interest in the land, would have absorbed the whole of it; so that upon no principle of law, equity or justice, could he claim any portion of the money arising from the sale of the land. Independent of our statute of defalcation, I consider the debt of *Weaver* in equity, as a lien upon the interest of *Weaver* in the land, that is, the legacy; that it was pledged for the payment of the debt so far as it went, because the legacy could only come out of the land; it was as it were, so much of the land, and the debt was a lien upon the land; and has been paid out of it.

                                        . Judgment affirmed.